CLARENCE CRAIG, as Trustee in Bankruptcy of the MARGARET D. MINING COMPANY, Appellant, v. BANK OF GRANBY, Respondent.

Springfield Court of Appeals, March 11, 1922.

1. **BANKS AND BANKING: Special Deposit Cannot be Set Off by Bank.** A bank may apply to the depositor's note to the bank his general deposit, but cannot apply a special deposit.

2. **TRIAL: Instruction as to Whether Depositor was General, or Special, Held Erroneous, as Ignoring Intent of Parties.** In an action by the trustee in bankruptcy of a mining company against a bank to recover a sum alleged to be a special deposit for the specific purpose of meeting the pay roll, but claimed by defendant to be a general deposit, and subject to application to a debt owing by the bankrupt, an instruction fixing the purpose for which the deposit was made and received as the only basis on which to determine whether the deposit was a special or a general one, *held* erroneous, as ignoring the intention of the parties when the deposit was made.

3. **BANKS AND BANKING: Burden is Upon One Claiming Deposit Special to Show Such Fact.** In the absence of proof to the contrary, all deposits are presumed to be general deposits, and the burden is upon one claiming a deposit to be a special one for a specific purpose to show such fact.

4. **———: Special Direction Necessary to Create Special Deposit.** Where all previous deposits by depositor for a long time had been

(334)

made as general deposits, a deposit, to be special, should have been accompanied by clear direction that it was special, and, if the bank was to hold the deposit, and pay no checks out of it except for pay roll checks, specific instruction in some form should have been given the bank by which, when a check should be presented, it could determine whether it was a pay roll check.

5. **BANKRUPTCY: Does not Affect Bank's Right of Set-off.** The right of a bank to apply a deposit to depositor's note to it is not effected by the subsequent bankruptcy of the depositor.

Appeal from Newton County Circuit Court.—*Hon. Charles L. Henson*, Judge.

AFFIRMED.

*Owen & Davis* for appellant.

(1) If the instruction given to the jury by the court upon its own motion is inconsistent with the petition and the cause of action stated in the petition, the inconsistency, if any, only amounts to a variance, and the error, if any, in giving said instruction was waived, because said instruction is based upon the evidence in the case admitted without objection, and without motion to strike, and because no affidavit of surprise was filed. Litton v. Railroad, 111 Mo. App. 140; Thomas v. Construction Co., 189 Mo. App. 623; Mekos v. Fricke, 159 Mo. App. 631; Senf v. Railroad Co., 112 Mo. App. 74; Harrison v. Coleman, 171 Mo. App. 633; Pancoast v. Gas Fixture Co., 60 Mo. App. 57; Wells v. Sharp, 57 Mo. 56; Lester v. Railroad Co., 60 Mo. 265; Conway v. Reed, 66 Mo. 346; Choquette v. Railroad Co., 152 Mo. 257; Mellor v. Railroad, 105 Mo. 1. c. 471. (2) The refusal to give the instruction requested by plaintiff was, therefore, erroneous, as the facts detailed in evidence by him constituted a contract. Smith v. Williams, 123 Mo. App. 479, 1. c. 485; Sawyer v. Walker, 204 Mo. 133, 1. c. 159; Brown v. Smith, 113 Mo. App. 59, 1. c. 66; S. C. 102 Mo. 437, and one of special deposit, and not that of a general deposit. Dolph v. Cross, 153 Iowa, 289, 133 N. W. 669;

In re Davis, 119 Fed. 950; Massey v. Fisher, 62 Fed. 598; Wester Tie & Timber Co. v. Brown, 196 U. S. 502, 49 L. Ed. 571, 25 Sup. Ct. 339; Smith v. Sanborn State Bank, 126 N. W. 779, 30 L. R. A. (N. S.) 517.

*Spencer & Spencer* for respondent.

(1) Under the pleadings and the evidence plaintiff was not entitled to recover. Bankruptcy Act, sec. 68, 9 U. S. Comp. Stat. 1916, sec. 9652, page 11705; 7 Corpus Juris, 144; Continental & Commercial T. & S. Bank v. Chicago Title & Trust Co., 229 U. S. 435, 33 S. Ct. Rep. 829, 57 L. Ed. 1268. (2) Having pleaded a special contract plaintiff must, in this action, under the present state of the pleadings, recover upon that pleaded contract, or not recover at all. Canaday v. Railway, 134 Mo. App. 282; Jenkins v. Clopton, 141 Mo. App. 74, l. c. 100; Quigley v. King, 182 Mo. App. 196; Laclede Com. Co. v. Tudor Iron Works, 169 Mo. 137; Reifschneider v. Beck, 148 Mo. App. 725, l. c. 735; Shoemaker v. Johnson, 200 Mo. App. 209; Dethrage Lumber Co. v. Snyder, 65 Mo. App. 568; Cole v. Armour, 154 Mo. 333; Houck v. Hunter, 225 S. W. 1027; McNeely v. Carlyle, 219 S. W. 145; Warson v. McElroy, 33 Mo. App. 553; Hays v. Bunch, 91 Mo. App. 467; Cockrell v. Williams, 195 Mo. App. 400; Witmore v. Crouch, 150 Mo. 671.

COX, P. J.—Action by trustee in bankruptcy to recover money claimed to have been deposited in defendant bank as a special deposit for a specific purpose. Verdict for plaintiff. Motion for new trial filed by defendant and sustained. Plaintiff has appealed.

The Mining Company had made a deposit of $1000 and the bank had applied this amount on a note it held against the depositor. Plaintiff contends that the deposit was a special deposit made for the purpose of meeting checks already issued to employees and hence the bank could not apply it to another purpose. The question at issue in the trial was whether this was a

general or a special deposit. If it were a general deposit, then there could be no doubt as to the right of the bank to apply it on the note of the depositor but if it were a special deposit, then it could not do so.

For several years prior to May 22, 1920, the Margaret D. Mining Company had been making deposits in the Bank of Granby and paying the money out on checks. The pay roll of the mining company was made up twice a month and a check then issue to each employee for the amount of wages due him. Checks of that character were issued by the mining company on May 21, 1920. At that time the company did not have enough money in the bank to meet these checks. The testimony further tended to show that on May 22, 1920, Mr. H. B. Little, the manager of the mining company went to the bank and inquired about the state of the account of the company and was informed that it was in bad shape. He then stated to Mr. Davis, the assistant cashier, that he would make a deposit in the afternoon of that day to meet the pay roll. He also advised Mr. Davis that the checks to pay the parties to whom money was due had been issued the day before and asked him to take care of any that might come in before he returned and Mr. Davis said he would do so. That a deposit of $1000 was made at about 4:10 P. M. of that day. This money was deposited to the credit of the company in the same way that all other previous deposits had been made. Mr. Little, who made the deposit, made out a deposit slip at the time and that showed "Checks as follows: $1000." This was the form used by depositors in making a general deposit. There was nothing in the deposit slip and nothing in the conversation at the time the deposit was made to indicate that this deposit was to be a special deposit for the specific purpose of meeting checks issued to employees the day before. Mr. Little stated that when he went into the bank to make this deposit, he asked Mr. Davis if any of the boys had been in to receive their pay and he replied that they had not. This was all that was said at that time. After this deposit was made, the officers of

210 M. A.—22

the bank applied it on a note the bank held against the mining company and when the checks that had been issued to employees of the company were afterward presented, their payment was refused.

The plaintiff relied on the conversation between Mr. Little and Mr. Davis at the time that Mr. Little was in the bank and told Mr. Davis that he would make a deposit in the afternoon to meet the pay roll checks, as establishing the character of the deposit. Mr. Davis denied having this conversation with Mr. Little but with that we are not now concerned. The pay roll checks amounted to $873.36. It was also shown that the mining company had been adjudged a bankrupt. Defendant demurred to the testimony at the close of plaintiff's case and at the close of the whole case. There were overruled.

After a verdict in plaintiff's favor, the defendant filed a motion for a new trial which the court sustained on the ground that the instruction given was erroneous. The instruction given by the court is as follows: "The Court instructs the jury that if they find and believe from the evidence in the case that on or about the 22nd day of May, 1920. The Margaret D Mining Company deposited with defendant bank the sum of One Thousand Dollars for the purpose of paying checks issued by it in payment of its payroll and that the defendant bank accepted said deposit for such purpose, then you will find the issues for the plaintiff and will assess his damages at amount of the pay roll, if any, of said Margaret D Mining Company not exceeding $873.36." One other instruction asked by plaintiff and one asked by defendent were refused.

The instruction given was erroneous in that it fixed the purpose for which the deposit was made and received as the only basis on which to determine whether or not this deposit was a special deposit for a specific purpose and wholly ignored the intention of the parties as to the character of the deposit when made. Although it may have been the purpose of the depositor to pay the pay roll checks out of this deposit and that fact

was known to the bank at the time, yet that does not necessarily establish the further fact that the depositor intended this deposit to be separated from its other deposits and carried as a trust fund. Neither would it, alone, establish the fact that he was instructing the bank to hold this $1000 to pay the checks issued to employees and to pay no other checks out of this fund. In order to have made this a special deposit for the purpose of paying the pay roll checks, both the depositor and the bank must have understood. that this money was to be held for that purpose and that no other checks were to be paid from it and the instruction did not .require that fact to be found in order to find for plaintiff. The court was clearly right in sustaining the motion for new trial on the ground stated.

Plaintiff can only recover in this case by showing that this deposit was a special deposit made to meet certain pay roll checks then outstanding and that the bank accepted it as such and then wrongfully applied it as a credit on the note. The mining company had been making deposits in this bank for a long term of years and in some instances had made large deposits just before the time that it was necessary to have funds in the bank to meet the pay roll checks. These deposits had always been made as general deposits. There was, therefore, a course of dealing established that was contrary to the idea that a deposit to meet the pay roll checks was to be considered by either the depositor or the bank as a special deposit. The deposit slip made out by the depositor was a general deposit slip with nothing on it to indicate that this deposit was not a general deposit. This deposit was for $1000 while the total amount of pay roll checks issued was but $873.36. There was $126.64 more of the deposit than was necessary to meet the pay roll. The amount of the pay roll was not stated to the bank and no list of checks to be paid out of the $1000 deposited was furnished. In the conversation in the morning before the deposit was made, a few of the names of persons to whom checks had been issued were

given but no amounts mentioned and no specific direction to pay these particular checks given. Except as to these names, the bank was given no information as to whose checks should be paid from this fund and no information was given as to the amount of any check or the total amount of all checks. We do not say that all these particulars would have to be furnished to the bank along with the deposit in order to make the deposit a special one, but surely some information should have been given the bank which would have enabled it to carry out the trust it assumed by accepting the deposit, if it was to be regarded as a trust deposit and not a general one. The fact that a deposit slip was made out by the depositor in which the deposit appeared to be a general deposit ought to control in the absence of instructions and information that were sufficiently specific to furnish a guide to the bank by which it could carry out the terms of the trust which it assumed if it was to be held to have accepted the deposit as a special one and to have thereby bound itself to comply with the terms of the trust. This is especially true, when, as in this case, a course of dealing between the parties had obtained for a long period of time in which all deposits had been made as general deposits. In the absence of proof to the contrary, all deposits are presumed to be general deposits and the burden was upon plaintiff in this case to show that the deposit of $1000 was made by it to meet the pay roll checks that had been previously issued and that this money or its equivalent was to be applied to the payment of these checks and that the bank so understood it at the time. [Butcher v. Butler, 134 Mo. App. 61, 114 S. W. 564.]

All previous deposits made by the same party for a long time prior to this one had been made as a general deposit and if the character of this one was to be changed to a special deposit, there should have been some clear direction given by the depositor that would carry to the bank the information that this was a special deposit and how it should be disposed of by the bank. To make

that proof in a way to require the bank to hold $1000 to the credit of the mining company and to pay no checks out of it except pay roll checks, specific instruction in some form should have been given the bank by which when a check should be presented it could determine whether it was a pay roll check and was to be paid out of that particular fund. [Meyers v. Twelfth Ward Bank, 58 N. Y. Sup. 1065; State National Bank v. Dodge, 124 U. S. 333.]

The view we have taken of this case makes it unnecessary to discuss the right of the bank to set off the debt of the mining company to it against the amount of this deposit in case the theory of the plaintiff should be sustained by the evidence. In view of another trial, however, we may add that in case the plaintiff can show that the deposit was a special deposit and the bank wrongfully applied it, then the fact that the depositor was afterwards adjudged a bankrupt would not change the relation of the parties. If the bank wrongfully diverted this deposit from the purpose for which it had accepted it, it should restore it by a payment to the trustee in bankruptcy and then the bankruptcy court can determine the proper disposition of it.

Judgment affirmed. *Farrington, J.,* and *Bradley, J.,* concur.