Note.—See under (1) Workmen's Compensation Acts, C. J. pp. 122, 123, §127; anno L. R. A. 1917D, 186, et seq.; 13 A. L. R. 722; 30 A. L. R. 1277; 28 R. C. L. p. 827 et seq.; 3 R. C. L. Supp. p. 1600; 4 R. C. L. Supp. p. 1872; 5 R. C. L. Supp. p. 1580. (2) Workmen's Compensation Acts, C. J. p. 47. §38; L. R. A. 1918F, 204; 15 A. L. R. 1293; 25 A. L. R. 379; 28 R. C. L. p. 765; 4 R. C. L. Supp. p. 1847; 5 R. C. L. Supp. p. 1561.

---

## WHITE GRAIN CO. v. BECKHAM COUNTY NAT. BANK.

No. 16494—Opinion Filed April 6, 1926.

Rehearing Denied Nov. 9, 1926.

**1. Bills and Notes — Bills of Exchange — Bank as Bona Fide Holder for Value.**

Where a bank becomes the owner for value of bills of exchange growing out of an ex-

ecutory "bill of exchange arrangement" entered into by the drawer and the acceptor, where the bank is not a party to the arrangement, the bank is not a guarantor that the executory agreement will be carried out, although its officers may know of the executory terms of the agreement.

**2. Pleading—Judgment on Pleadings—Lack of Defense.**

Where the answer of defendant does not state a defense to the plaintiff's petition, and it is apparent that the answer is not susceptible of amendment so as to state a defense, it is not error for the trial court to sustain the plaintiff's motion for judgment on the pleadings.

**3. Judgment Sustained.**

Record examined, and held to require that the judgment be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Beckham County; T. P. Clay, Judge.

Action by the Beckham County National Bank against White Grain Company and Farmers Co-operative Grain & Elevator Company. Judgment for plaintiff, and defendant White Grain Company brings error. Affirmed.

B. D. Shear, E. E. Blake, and Chester L. Evans, for plaintiff in error.

Wm. Townsend Pfeiffer and William Pfeiffer, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error was defendant below, and the defendant in error was plaintiff. The parties will be referred to as plaintiff and defendant as they appeared in the trial court. The other defendant in the trial court will be referred to herein as the co-operative company.

This is an appeal from a judgment rendered in plaintiff's favor and against the defendant upon the pleadings. The facts out of which the action grew are: That the co-operative company was doing business in Beckham county with the White Grain Company, by way of handling certain lines of merchandise being handled by each of the companies. The co-operative company needed financial assistance, and there was a contract entered into by which the White Grain Company should extend credit to the co-operative company through the plaintiff bank, where the co-operative company did its banking business, and referred to as a "bill of exchange arrangement". A memorandum agreement in writing was signed by the two companies. Following such arrangement defendant White Grain Company drew certain drafts in the nature of bills of exchange, payable to the order of the plaintiff bank, against the co-operative company, and accepted by it in writing, and negotiated to the bank for value. Three bills were not paid by either company, and the suit followed against both companies, as defendants, for their collection. Copies of the bills were attached to the plaintiff's petition as exhibits "A," "B," and "C." They are all substantially the same, except as to dates and amounts. Exhibit "A" is as follows:

"Sayre, Okla., April 22, 1924. The Beckham County National Bank, Sayre, Oklahoma.

"Pay to the order of the Beckham County National Bank, or bearer, $962.93. Nine hundred sixty-three and 93-100 Dollars. Drawn on and accepted by Farmers Co-operative Grain & Elev. Co. Paul J. Messer, Buyer of Produce.

"Payable at the Beckham County National Bank, Sayre, Okla.

"By White Grain Co. C. M. Smith, Seller of Produce."

Exhibit "B" is dated May 3, 1924, and is for $701.55; and Exhibit "C" is dated May 24, 1924, and is for $414.

The plaintiff bank was not a party to the bill of exchange agreement. It was agreed between the two companies that the bills of exchange should be indorsed and transferred to the bank, and co-operative company agreeing to receive and sell all shipments of produce made by defendant, and apply the proceeds to the payment of the bills of exchange.

The defense tendered by the defendant to the plaintiff's action to recover the amount of the bills, is to the effect that while the bank was not a party to the agreement, the officers of the bank knew of the memorandum agreement between the two companies, and knew that the understanding and agreement was that the co-operative company should accept and sell shipments of produce made by defendant, and that the proceeds should be applied to the discharge of the bills of exchange; that the co-operative company did receive and sell shipments and deposit the proceeds in the plaintiff bank, but plaintiff failed to apply such proceeds to the payment of the bills, but permitted the co-operative company to otherwise use the money. It is further alleged that the proceeds from the shipments made constituted a trust fund in the hands of the plaintiff bank with which to pay the bills of exchange. The

plaintiff bank moved for judgment on the pleadings, and the motion was sustained and judgment rendered in favor of the plaintiff bank and against the defendant White Grain Company. The White Grain Company prosecutes appeal.

The assignments of error are to the effect that the court erred in sustaining the motion for judgment on the pleadings, and in rendering the judgment. The pleadings constitute the facts before the court; and it is well settled that the plaintiff's motion for judgment on the pleadings partakes of the nature of a demurrer by plaintiff to the defendant's answer. Goode v. First National Bank, 88 Okla. 110, 211 Pac. 105; Hill v. Bucy, 95 Okla. 275, 219 Pac. 124. In the last case cited it was held by this court that a motion for judgment on the pleadings should not be sustained, if the pleading at which the motion is leveled is susceptible of amendment so as to state a cause of action or a defense. The question here presented is, under the decisions in the litigated cases, do the facts alleged in defendant's answer constitute a defense as pleaded, and if not, is the answer susceptible of amendment upon the same facts so as to state a defense?

It seems to be plain that both the drawer and acceptor of the bills of exchange became liable to plaintiff for the amount of the bills when plaintiff took them for value. It seems that this bill of exchange agreement amounts to nothing more than an arrangement between the two companies, by which defendant White Grain Company lent its credit to the co-operative company through plaintiff bank to the extent of the bills. In the absence of any other arrangement or agreement, the parties to the bills were in the position of principal and surety on a promissory note made to plaintiff bank. Both parties were in the attitude of guaranteeing payment to the bank if it became the holder for value. The surety, the drawer of the bills, the party lending its credit, seeks to avoid liability on the ground that it had made an agreement with the party to whom it was lending its credit, that certain funds coming into its hands should be applied to discharge the bills. Certainly it could not be insisted that such agreement would amount to a defense against an action brought upon the bills by the bank, unless the bank officers knew of it. So the question narrows to the point of whether or not knowledge of such an agreement by the bank officials would bind the bank so as to release the surety if the proceeds of sales were not applied to payment of the bills. The bank was not a party to the agreement between the two companies. It had knowledge that such an agreement had been made, but was not in the attitude of guaranteeing to defendant that proceeds of any certain sales made by the co-operative company would be applied upon the bills. Although the bank officials might have known, or had reason to think, that the bills drawn by defendant against the co-operative company and payable at plaintiff bank were for goods shipped by defendant, yet, under the arrangement, the face value of the bills was credited to the co-operative company, and the bank became the owner and holder of the bills. It was not a part of the agreement of which the bank officers knew that proceeds of sales of goods shipped by defendant to the co-operative company should be kept in a separate account, or that proceeds of the sales of such goods should be credited upon the bills. There seems to have been no duty upon plaintiff bank to get information with reference to any particular money deposited by the co-operative company as to whether it was proceeds from such sales. It appears also that the co-operative company had control of its deposits and their application; and unless plaintiff bank had been directed to credit deposits upon the bills, it would be its duty to place the deposits to the credit of the depositor in its checking account and pay checks drawn against the account.

It is insisted in the argument by defendant, that a trust fund or special deposit could not be diverted by the bank and applied to some other indebtedness due the bank; but while it is alleged in the answer that the proceeds of goods shipped to the co-operative company were a trust fund to be applied upon the bills, the agreement of which the plaintiff knew did not provide for such proceeds to constitute a trust fund for the purpose claimed, nor did it provide that the proceeds from goods shipped should constitute a special deposit to apply on the bills and it is not alleged that the money was placed in the bank under special deposit, nor is it alleged that when deposits were made the bank officers knew that the deposits were proceeds from goods shipped by defendants; nor is it alleged that either party to the agreement ever directed the plaintiff to keep the money in a separate or trust fund, or to apply the money so deposited upon the bills. It seems quite clear that the plaintiff bank could not be charged with the duty of properly discharging a trust fund, where it was not a party to the creation of such trust. Mere knowledge that the parties intended that a trust be created, without carrying

such intention into effect in the bank, would not be sufficient. Craig v. Bank of Grady (Mo.) 238 S. W. 507. The contract between the two companies was executory, and the bank became the owner of the bills before any performance of the contract other than their acceptance and negotation.

There seems to be no wide distinction between the situation here presented and that which would have existed if the co-operative company and defendant had executed to plaintiff their promissory note. The bills sued upon partake of all the essential qualities and character of negotiable paper. The bills were drawn by defendant, accepted by the co-operative company, and negotiated to plaintiff bank for value, just as defendant intended that they should be; and the same rules applicable in regard to negotiable paper are applicable here. Now, to charge the plaintiff bank with the duty of seeing that the co-operative company should perform its contract with defendant, to which the bank was not a party, or lose its rights against defendant, as drawer of the bills, and in the situation of a surety thereon, would attach to the bills inconvenient and repugnant conditions which would impair and tend strongly to destroy the character and legal effect of commercial paper. Producers' National Bank v. Elrod, 68 Okla. 248, 173 Pac. 659.

We think the petition of the plaintiff and the answer of the defendant disclose that defendant has no defense whatever. The motion for judgment on the pleadings was properly sustained.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 8 C. J. p. 742§ 1015 (Anno). (2) 31 Cyc. p. 608. (3) 4 C. J. p. 1129 §3122.