HARRY B. HERSHEY, RECEIVER OF THE REPUBLIC CASUALTY & SURETY COMPANY, A CORPORATION, Appellant, v. THE NORTHERN TRUST COMPANY.—112 S. W. (2d) 545.

Division One, January 25, 1938.*

*H. J. Plagens, Kelly, Buchholz & O'Donnell* and *S. J.* and *G. C. Jones* for appellant.

*NOTE: Opinion filed at May Term, 1937, July 30, 1937; motion for rehearing filed; motion overruled at September Term, January 25, 1938.

*Ryland, Stinson, Mag & Thomson* for respondent.

FERGUSON, C.—The Republic Casualty & Surety Company, a corporation, was engaged in the business indicated by its name in Chicago, Illinois, and Kansas City, Missouri, and vicinity. The

National Bank of North Kansas City, Missouri, was engaged in the banking business at North Kansas City in Clay County. On December 12, 1930, the Republic Casualty & Surety Company, commenced an action, in the Circuit Court of Clay County, against the National Bank of North Kansas City for money had and received, alleging that plaintiff had prior to November 20, 1928, deposited $25,-000 in said bank but that said bank had refused to honor plaintiff's demand therefor or to pay plaintiff on demand said sum or any part thereof. On November 19, 1931, Republic Casualty & Surety Company (to which we will refer as the Republic Company) filed an amended petition making the Northern Trust Company, a corporation, engaged in the banking business, in Chicago, Illinois, a party defendant with the National Bank of North Kansas City. This was an action for money had and received whereby plaintiff sought judgment "against defendants" for $15,000 with interest from January 1, 1929. On February 5, 1932, the defendant Northern Trust Company filed its waiver of issuance and service of summons and entered its appearance. Thereafter on June 17, 1932, upon plaintiff's application, the venue of the cause was changed to the Circuit Court of Carroll County. On September 18, 1933, the present plaintiff Harry B. Hershey, receiver of the Republic Company, was substituted as plaintiff and on September 20, 1933, Hershey, as such receiver, filed an amended petition, upon which the cause was tried, whereby the cause of action theretofore stated against the National Bank of North Kansas City was abandoned, so far as this action is concerned, and the Northern Trust Company was made sole defendant. This petition, as did the next preceding petition, sought to recover from the defendant Northern Trust Company, the sum of $15,000 with interest from January 1, 1929, as for money had and received. Trial was had in the Circuit Court of Carroll County. At the close of the evidence on the part of the plaintiff, defendant requested a peremptory instruction in the nature of a demurrer to the evidence which the court granted and gave to the jury, whereupon plaintiff took an involuntary nonsuit with leave to move to set same aside. At the same term, and in due time, plaintiff filed a motion to set aside the nonsuit and for a new trial which was overruled. From the judgment dismissing the action plaintiff brings this appeal.

In speaking of plaintiff the reference will be to the Republic Company, the original plaintiff. The principal office of the Republic Company was in Chicago. To facilitate the carrying on of its business in the vicinity of Kansas City it had a checking account with the National Bank of North Kansas City. The evidence does not disclose that the Republic Company had any other account or other transactions with the National Bank of North Kansas City. It is

stated in the petition, though no evidence to that effect was adduced, that, "the National Bank of North Kansas City, represented to the" plaintiff "that if it (the Republic Company) would carry a substantial bank balance with said National Bank of North Kansas City said National Bank was in a position to aid" the Republic Company "in obtaining a large amount of new business . . . in and near Kansas City, Missouri, and . . . that if it (the Republic Company) opened a checking account with said National Bank of North Kansas City that deposits could be made to . . . said checking account . . . as conveniently and with the same degree of safety as if defendant National Bank of North Kansas City was located in Chicago, . . . because of an . . . arrangement it (National Bank of North Kansas City) had with defendant, Northern Trust Company; that . . . defendant, Northern Trust Company, was acting for it in the transmission of funds and in matters relating to the transmission of funds from Chicago to the said National Bank of North Kansas City and that all deposits made with the defendant, Northern Trust Company, for the checking account of the "Republic Company" with said National Bank of North Kansas City would be equivalent to deposits made direct with said National Bank of North Kansas City."

The testimony of G. A. Trenchard, who stated that "from January, 1929," he was "assistant secretary-treasurer" of the plaintiff, Republic Company, and certain exhibits composed the evidence offered by plaintiff. The evidence stated and viewed in the light most favorable to plaintiff, tends to show the following. On November 13, 1928, the Republic Company, at Chicago, issued its check in the amount of $15,000, of that date, payable to itself and drawn on the Chicago Trust Company. This check was delivered to defendant, Northern Trust Company, in Chicago and endorsed as follows: "For deposit to our checking account, Pay to the order Northern Trust Company for credit of National Bank of North Kansas City, Missouri.

"Republic Casualty & Surety Company,

"Fred J. Baume, Secretary-Treasurer."

The check so endorsed was received by the defendant Northern Trust Company, the amount thereof, $15,000, was credited to the account of the National Bank of North Kansas City, which it carried with the Northern Trust Company, and a "duplicate" of the "deposit ticket" was sent, by mail, to the National Bank of North Kansas City. The deposit ticket showed that on November 13, 1928, the $15,000 had been deposited by the Republic Casualty & Surety Company with the Northern Trust Company to the credit of the National Bank of North Kansas City. The check was paid on November 14, by the bank against which it was drawn. Plaintiff seems to contend that through some fault or dereliction of the Northern Trust Company, the defend-

ant bank, the Republic Company was not given credit for this $15,000 by the National Bank of North Kansas City in its checking account with that bank. The status of this checking account of the Republic Company, as shown by the records of the North Kansas City Bank, prior to, at the time or subsequent to this $15,000 deposit in the Chicago bank is not shown. Apparently intended as evidence tending to show that such credit was not given, by the North Kansas City Bank, to the checking account of the Republic Company, Trenchard testified; that three drafts drawn upon the North Kansas City Bank, of dates of December 6, December 8, and December 20, 1928, aggregating $17,500 "were returned unpaid;" that "an analysis of the account charged against the National Bank of North Kansas City on the books of the" Republic Company for the period from July 3 to December 31, 1928, shows that at the time the first of these three drafts was issued and presented for payment the Republic Company had a balance, on its books, to its credit in its account with the National Bank of North Kansas City, including the $15,000 credit of November 13, of $25,000 and that its books showed a balance in that amount on December 31, 1928; and that "after January, 1929," when the witness became assistant secretary-treasurer of the Republic, "this sum of $15,000 was not repaid to the" Republic Company "from any source."

As first noted, more than two years after this $15,000 was deposited in the Northern Trust Company to the credit of the North Kansas City Bank the Republic Company commenced an action against the North Kansas City Bank seeking to recover $25,000, the entire balance in its favor charged on its books, as of December 31, 1928, against the North Kansas City Bank. Approximately a year later by an amended petition the Northern Trust Company was made a defendant with the North Kansas City Bank and recovery was sought against both defendants for only the $15,000 deposit of November 13, 1928, with the Northern Trust Company. Another amended petition was filed twenty-two months later making the Northern Trust Company sole defendant. Plaintiff alleges in this petition that pursuant to the directions and representations of the North Kansas City Bank, heretofore set out, it deposited the $15,000 with the Northern Trust Company in Chicago to the credit of the North Kansas City Bank for credit to its checking account with the North Kansas City Bank; that it has never been repaid that sum; and seeks to recover same from this defendant, Northern Trust Company, as for money had and received.

■ The evidence shows that the defendant, Northern Trust Company, notified the North Kansas City Bank of the $15,000 deposit made to its credit by plaintiff. No claim is made, nor is there evidence tending to show, that through failure of the defendant to advise the

North Kansas City Bank, by an accompanying letter of advice or a more specific notation to that effect on the duplicate deposit ticket, that the sum so deposited was for credit to plaintiff's checking account, the North Kansas City Bank placed same to plaintiff's credit in some other account or applied it to plaintiff's credit in some other way. So far as appears the checking account was the only account or transaction between plaintiff and the North Kansas City Bank. The account of the North Kansas City Bank with the Northern Trust Company, in Chicago, received credit for the $15,000 and the North Kansas City Bank was notified that such amount had been placed to its credit by plaintiff. There is no evidence that the North Kansas City Bank did not actually credit plaintiff's account on its books with this $15,000. As stated, the most plaintiff's evidence shows is that according to its books, and the charges and credits there appearing, after making this deposit on November 13, it should have had a balance of $25,000 in its North Kansas City bank account, that the North Kansas City Bank refused payment, in December (reason given therefor not stated) of the three drafts, aggregating $17,500, drawn against the account and that thereafter to December 31, 1928, the balance in the account in plaintiff's favor, according to its books, remained at $25,000. If some disagreement arose or existed between the North Kansas City Bank and plaintiff, Republic Company, as to the correct status of the account between them we fail to discover, from the scant facts in evidence, any responsibility of defendant therefor or how any act or omission by defendant in reference to this deposit deprived plaintiff of this credit. Plaintiff says it made the deposit in this way at the direction of the North Kansas City Bank. The North Kansas City Bank appropriated the credit in the Northern Trust Company to its own use and if it failed or refused to give plaintiff's account credit therefor we do not perceive how the defendant would be liable in this action.

Plaintiff says its endorsement constituted its instructions to defendant Northern Trust Company. For convenience we repeat the endorsement, omitting the signature: "For deposit to our checking account, Pay to the order Northern Trust Company for credit of the National Bank of North Kansas City, Missouri." Plaintiff's witness Trenchard, its assistant secretary-treasurer, qualified as an expert banking accountant and as being thoroughly conversant with the banking business and practices. He interpreted and explained the endorsement as follows: "It is what they call a double hitch deposit." "Q. What does that mean? A. A person desiring to deposit funds to his account with a bank in a distant city, instead of placing the check in the mail, will choose the correspondent of that distant bank in his own city and place the deposit there for the credit of the bank in the city where you want it to go. . . . The endorsement on

this check includes three transactions, each one stated separately and specifically. The check . . . is made payable to ourselves. . . . The first thing that must be done is to make it payable to someone else. That is done by 'Pay to the order of the Northern Trust Company.' That's the first transaction. The Northern Trust Company is to receive it and do something with it. They (the Northern Trust Company) are to credit the National Bank of North Kansas City which they have. The National Bank of North Kansas City completes the transaction, by the third step, credit to our checking account.'' Plaintiff's representative thus states that the endorsement contemplates, and directs, that the endorsee, the Northern Trust Company, credit the amount of the check to the account of the North Kansas City Bank, ''which they (the Northern Trust Company) have'' done. He says the National Bank of North Kansas City then ''completes the transaction, by the third step, credit to our checking account.'' As stated it does not appear that the North Kansas City Bank did not actually credit plaintiff's account on its books accordingly or that any act or omission on the part of the Northern Trust Company resulted in the failure of the North Kansas City Bank to do so. Nor does it appear that the transaction was handled in a way not contemplated by the endorsement, which plaintiff states constituted its directions.

Plaintiff, as appellant, speaks of the $15,000 deposit it made with defendant to the credit of the North Kansas City Bank as a ''special deposit,'' as a ''trust fund,'' and the Northern Trust Company as a ''trustee'' or ''bailee,'' and says that defendant received said sum for the special and specific purpose of transmitting same to the North Kansas City Bank, and had no right to deposit it to the account of that bank with it as a general deposit commingling the money with its own funds. In this connection plaintiff cites cases wherein special deposits and trust funds are defined and discussed. The Missouri cases cited are not however applicable under the facts in evidence. The leading and controlling Missouri decisions relating to special and general deposits are collected in Security National Bank Savings & Trust Co. v. Moberly, 340 Mo. 95, 101 S. W. (2d) 33, and the elements of a special deposit and the factors determinative of a deposit as special or general are there set out and discussed. The right of the bank to commingle and use the deposit determines whether it is special or general. Under the cases hereafter cited it may, we think, be stated in a general way that, if at the time the deposit is received and accepted by the bank there is no agreement, either express or implied, between the person making the deposit and the bank, or direction to the bank to the effect, that the deposit ''shall not be commingled with the assets of the bank and used as its own but shall be kept intact,'' distinct and apart from the funds of the

bank as a separate deposit for a specific purpose, the essential elements of a special deposit, whereby the bank assumes the position of a mere trustee or bailee in reference to the deposit, are lacking, and a deposit made without such restrictions or conditions attached, though the bank knows the source or character of the money deposited or that it is intended by the depositor for a special or specific purpose, is a general deposit. [Security National Bank Savings & Trust Co. v. Moberly, supra; Butcher v. Butler, 134 Mo. App. 61, 114 S. W. 564; Fred A. Boswell Post of American Legion v. Farmers, etc., Bank of Mt. Vernon (Mo. App.), 61 S. W. (2d) 761; Vandivort v. Sturdivant Bank (Mo. App.), 77 S. W. (2d) 484; City of Fulton v. Home Trust Co., 336 Mo. 239, 78 S. W. (2d) 445; Craig v. Bank of Granby, 210 Mo. App. 334, 238 S. W. 507; Missouri Mut. Assn. v. Holland Banking Co., 220 Mo. App. 1256, 290 S. W. 100; Ellington v. Cantley (Mo. App.), 300 S. W. 529; Paul v. Draper, 158 Mo. 197, 59 S. W. 77.]

In the instant case there was no agreement, either express or to be implied, or direction that the Northern Trust Company should forward the check itself to the North Kansas City Bank for deposit in that bank to the credit of the Republic Company or that the Northern Trust Company should take the check merely for collection, keep the proceeds thereof intact and forward same to the North Kansas City Bank by some form of direct remittance payable to that bank for credit to the Republic Company's with it or that the check should be deposited to the credit of the North Kansas City Bank with the Northern Trust Company in a special, separate, distinct account, and not to the regular and general account of the North Kansas City Bank which it carried with the Northern Trust Company. On the contrary the Republic Company knew that the North Kansas City Bank regularly carried a general account with the Northern Trust Company and for that reason, and pursuant to the arrangement between the Republic Company and the North Kansas City Bank, the deposit was made with the Northern Trust Company. Both the arrangement mentioned and the endorsement, which plaintiff says constituted its instructions to the Northern Trust Company, as interpreted by its own representative, contemplated the deposit of the check with the Northern Trust Company "for credit of the National Bank of North Kansas City." Accordingly it was placed to the credit of the North Kansas City Bank in its general account with the Northern Trust Company, and in doing so, according to plaintiff's representative, the Northern Trust Company complied, in that respect, with the instructions given. Under these circumstances the deposit became a general deposit, and the relation of debtor and creditor was created between the Northern Trust Company and the North Kansas City Bank. The notice of the deposit given by de-

fendant to the North Kansas City Bank, so far as appears from the evidence, sufficiently advised that bank of the deposit, thus made by plaintiff to its credit, and that the amount thereof was to be charged by it against the Northern Trust Company and credited to the account of the Republic Company with it. A bank deposit is presumed to be general, and one claiming otherwise has the burden of showing that the deposit was made under such circumstances as to constitute it a special deposit. [Ellington v. Cantley, supra, and cases there cited.] As we have pointed out the circumstances and conditions necessary to establish a special deposit are not shown but on the contrary plaintiff's evidence directly shows the deposit to have been intended as a general deposit to the account of the North Kansas City Bank. We mention, merely as a matter of interest, that throughout the entire period of time involved, and to the time of trial, both banks were in full and continuous operation transacting a general banking business.

As our examination and discussion of the evidence has indicated, we are constrained to agree with the conclusion of the trial court that the evidence does not make a prima facie case against this defendant. It follows that the trial court properly sustained defendant's demurrer to the evidence and that the judgment should be affirmed. It is so ordered. *Hyde* and *Bradley, CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur, except *Douglas, J.*, not voting because not a member of the court when cause was submitted.