### SPOKANE COUNTY v. CLARK.

#### (Circuit Court, D. Washington, E. D.   May 1, 1894.)

NATIONAL BANKS—INSOLVENCY—TRUST FUNDS.

> Under Rev. St. § 5242, which forbids all preferences among the creditors of insolvent national banks, a county whose money has been deposited by the county treasurer in a national bank that has become insolvent has no superior right over other depositors in the assets of the bank where it is not shown that the identical fund deposited by the treasurer, or the proceeds of such funds, have come into the hands of the receiver.

In Equity. On motion for injunction.

Suit by Spokane county against F. Lewis Clark, as receiver of the First National Bank of Spokane, to obtain payment in full of its deposit in said bank. Complainant moves for an injunction to forbid payment of dividends to creditors pending suit.

James E. Fenton and D. W. Henley, for plaintiff.

C. S. Voorhees, for defendant.

HANFORD, District Judge. By its bill of complaint in this case, Spokane county asserts against the general creditors of an insolvent national bank a right of priority of payment, notwithstand-

ing the provisions of section 5242, Rev. St., which forbids all preferences among creditors. The right to priority is claimed on the ground that the officers of the bank, at the time of accepting the deposit, knew that the money was in the official custody of the treasurer, and therefore a trust fund. Money held by a bank as trustee is not part of its assets, nor legally subject to claims of its creditors. If the money had been kept intact as a special deposit, or if it were possible to prove that any of the complainant's money, or any securities or property acquired by the bank, by investment of money with which it had been mingled, came into the receiver's hands, according to principles of equity now firmly established, the right of the complainant to the relief prayed for would be clear; but there is no averment in the bill of complaint that the money deposited can be traced, nor that the estate which has come into the receiver's hands includes securities or property of the bank acquired since receiving said deposit. It does not appear that any of said money was invested, nor that it was not all paid out to other depositors or creditors before the bank closed its doors. The complainant's argument is based upon an assumption that the bank profited by tortiously converting the money. That the bank could not acquire title to money of the county by its own wrongful act is manifestly true; but when the holder of trust funds has actually expended the same, and become insolvent, a practical difficulty in the way of restoring the money to its owner arises, which can no more be overcome by a court of equity than by any other human agency. That very difficulty confronts the complainant and the court in this case; for it is a fact that, in place of actual money in the bank when it suspended, there was only a legal liability, arising from the conversion and expenditure of the money deposited by the treasurer. The practical difficulty of the case is not diminished in the least by characterizing the conversion as a tort, or by any stronger term, for the fact remains that the money is gone. It cannot be recovered until found. The plaintiff's right in this suit attaches, not to specific property to which it has title, but only to a chose in action. The law forbids preferences in the distribution of the estate of an insolvent national bank among its creditors, and makes no exceptions of debts due to municipal, county, or state governments, nor in favor of claims arising ex delicto. The statute is founded upon principles of justice and equity, and I find in the facts of this case no basis in reason for a decree requiring the receiver to take from other creditors their just and ratable portions of what may be left to them of the assets of this bank, in order to save Spokane county or its treasurer from loss. I have considered all of the authorities cited upon the argument, but, inasmuch as the supreme court of the United States has made several decisions bearing upon the vital questions at issue, it is not expedient for me to review or comment upon other authorities.

In the case of National Bank v. Insurance Co., 104 U. S. 54, the decision affirms that if money deposited in a bank belonged to a third person, and was held by the depositor in a fiduciary capacity, its character is not changed by being placed to his credit in his

bank account, and that equity will follow a fund through any number of transmutations, and preserve it for the owner, so long as it can be identified; and, if trust funds are mingled with other money, the whole will be treated as trust funds, except so far as the other money can be distinguished and separated. Accordingly, it was determined in that case that a banker's lien upon money and securities on deposit cannot prevail against the equity of the beneficial owner of which the bank has notice, either actual or constructive. The complainant has failed to bring the case at bar within the rule established by the supreme court in the above-mentioned decision, by not alleging that any of the money deposited by the treasurer can be traced to the custody of the receiver and identified, or that any of said money has been mingled with the property which has come into his hands.

The case Peters v. Bain, 133 U. S. 670, 10 Sup. Ct. 354, was a suit in equity by the receiver of an insolvent national bank. One of the purposes of the suit was to charge property in the hands of assignees of an insolvent copartnership with a trust in favor of the bank, because it had been bought with moneys of the bank, which certain members of the firm, who were officers of the bank, had wrongfully used for that purpose. The receiver, by whom the case was appealed to the supreme court, assigned for error that the circuit court held that he was entitled to a surrender of such of the property which it was found had "actually been purchased with the moneys of the bank as he elects to take, but no other;" and it was insisted that the receiver was entitled to a charge upon the entire mass of the estate, with priority over the other creditors of the firm. In answer to this contention, Mr. Chief Justice Fuller, in the opinion of the court, quotes from the opinion of Mr. Justice Bradley in Frelinghuysen v. Nugent, 36 Fed. 229, as follows:

"Formerly the equitable right of following misapplied money or other property into the hands of the parties receiving it depended upon the ability of identifying it, the equity attaching only to the very property misapplied. This right was first extended to the proceeds of the property, namely, to that which was procured in place of it by exchange, purchase, or sale; but if it became confused with other property of the same kind, so as not to be distinguishable, without any fault on the part of the possessor, the equity was lost. Finally, however, it has been held as the better doctrine that confusion does not destroy the equity entirely, but converts it into a charge upon the entire mass, giving to the party injured by the unlawful diversion a priority of right over the other creditors of the possessor. This is as far as the rule has been carried. The difficulty of sustaining the claim in the present case is that it does not appear that the goods claimed—that is to say, the stock on hand, finished and unfinished—were either in whole or in part the proceeds of any money unlawfully abstracted from the bank."

—And then, applying the rule found in Justice Bradley's opinion to the case then in hand, uses the following language:

"The same difficulty presents itself here, and, while the rule laid down by Mr. Justice Bradley has been recognized and applied by this court (National Bank v. Insurance Co., 104 U. S. 54, 57, and cases cited), yet, as stated by the chief justice, 'purchases made and paid for out of the general mass cannot be claimed by the bank, unless it is shown that its own moneys then in the fund were appropriated for that purpose.' "

The difficulty referred to in the above quotation is just the difficulty in this case which I have pointed out.

In the case of Bank v. Armstrong, 148 U. S. 50, 13 Sup. Ct. 533, the supreme court affirmed the decision of the circuit court by Mr. Justice Jackson in the same case, reported in 39 Fed. 684, in which, after citing a list of English and American cases, the learned justice states the rule as follows:

"Those authorities impose upon complainant the duty of tracing the funds it seeks to have impressed with a trust character into the defendant's possession, either in their original form or some substituted form, and the burden of identification is imposed upon all owners seeking to follow their property or its proceeds."

The foregoing authorities and reasons impel me to hold that the complainant is not entitled to the particular relief prayed for, and to deny the application for an injunction.