# D. W. MARSHALL, v. FARMERS AND MERCHANTS BANK OF STEELE.

### Springfield Court of Appeals, June 26, 1923.

1. **BANKS AND BANKING: Deposit Held Special Deposit.** where plaintiff deposited sum of money in bank and received a slip from the bank reading as follows: "Deposited by M. Currency $340, deposited in escrow as surety on bond of D, to be used only in case of forfeiture of bond," the deposit created was a special deposit, and title to the money did not pass to the bank, which was a mere bailee or trustee of the fund.

2. ————: **On Insolvency, Special Deposit Entitled to Preference.** On insolvency of a bank, a special deposit is entitled to preference in payment, whether or not the money deposited is mingled with the funds of the bank.

Appeal from the Circuit Court of Pemiscot County.— *Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*Shepard & Hawkins* for appellant.

*B. A. McKay* for respondent.

FARRINGTON, J.—This appeal grows out of a judgment of the circuit court allowing a claim against the Farmers & Merchants Bank which bank on December

24, 1921, was placed in the hands of the State Finance Commission for liquidation.    On December 15, 1921, D. W. Marshall made a deposit in the Farmers & Merchants Bank for which he received the following deposit slip:

Farmers & Merchants Bank

"Deposited by

"D. W. Marshall

"Escrow Account

"Steele, Mo. 12-15                                    1921
"Currency                                           $340.00

"Deposited in Escrow as surety on bond of B. P. Drewery, bond signed by D. W. Marshall, to be used only in case of forfeiture of bond."

After hearing the evidence, the trial court rendered a judgment in favor of the claimant.

The facts of this case show that a Mrs. Drewery had been arrested and was desirous of making a bond; that she made arrangements with D. W. Marshall, the claimant here, to deposit with him $340 to indemify him against any liability that he might incur by reason of signing her bond.  The $340 received by Marshall was deposited by him in the bank, he receiving therefor the above quoted deposit slip.

The question to be determined in the trial court was whether  the bank was holding this money as a special or general deposit.  If as a general deposit, of course, claimant was entitled to no preference over any of the bank's creditors.  On the other hand, if as a special deposit, the claimant would be entitled to a preference.

The question for determination here is whether there is sufficient evidence to uphold the judgment of the trial court in finding that it was a special deposit.  On turning to the abstract, we find the deposit slip which is very strong evidence of a special deposit.  It is also shown by the cashier of the bank who received the deposit that Marshall had a general account at the bank but this money was not placed in it.  It is also shown that he could not check on this account unless he suffered a loss

by reason of signing the bond, and of course Mrs. Drewery, the woman who was giving the bond, could not check on it as she had no contract whatever with the bank.

There is a conflict in the evidence concerning the time that the money was deposited. The cashier stated that both Mrs. Drewery and Marshall were there and wanted him to merely hold the money, which he refused to do, but told them they must deposit it in the usual way. Both Marshall and Mrs. Drewery deny that they were there and deny that they had this conversation with the cashier.

Under these facts the trial court was clearly justified in holding that this was not a general deposit but was held as a special deposit, the title to which did not go to the bank but on the other hand it was acting as a mere trustee or bailee of this fund, to be paid out to Marshall in the event that he suffered loss on account of having signed the bond, and to be checked out by him and paid back to Mrs. Drewery in case he was not required to pay anything by reason of having signed the bond. Any number of cases in Missouri hold that there can be a special deposit, such as was made in this case, and even though the money is mingled with the funds of the bank and cannot be identified yet the depositor can claim the full amount of the deposit out of the assets of the bank or from those who are entrusted with the keeping of same. [Harrison v. Smith, 83 Mo. 210; Stoller v. Coates, 88 Mo. 514.]

We find nothing in the following cases cited by appellant which hold against this ruling. In fact, some of the authorities hold that it is not necessary, in order to create a special deposit, that the identical money shall be returned. [Schultz v. Bank of Harrisonville, 246 S. W. 614; Paul v. Draper, 158 Mo. 197, 59 S. W. 77.] The latter opinion refers, with approval, to the case of Harrison v. Smith, above cited. See, also, the following cases cited by appellant: Butcher v. Butler, 134 Mo.

App. 61, 114 S. W. 564; Tiernan's Ex'r v. Security Bldg. & Loan Ass'n, 152 Mo. 135, 52 S. W. 1072.

A case very similar to the facts in this case is that of Anderson v. Pacific Bank, 112 California, 598, 53 Amer. St. Rep. 288.    [See, also, 3 R. C. L., 519, sec. 148;   7 Corpus Juris, 631, sec. 307.]

The evidence in this case is sufficient to warrant the court in finding that this was a special deposit and not a general deposit, and the cases cited support the doctrine that it can be recovered as a preference.    The judgment is affirmed.    *Cox, P. J.*, and *Bradley, J.*, concur.