MISSOURI MUTUAL ASSOCIATION, APPELLANT, v. HOLLAND BANKING COMPANY, IN CHARGE OF C. E. FRENCH, COMMISSIONER OF FINANCE, RESPONDENTS.*

In the Springfield Court of Appeals. Opinion filed January 7, 1927.

1.—Banks and Banking—Deposits—Character of Deposit—How Determined. Where there is no mala fides connected with transaction, character of deposit, whether general or special, is to be determined from contract between depositor and bank.

2.—Same—Same—Special Deposit—Defined. Where contract between depositor and bank establishes trust relationship between depositor and

bank, and takes away from bank right to use fund deposited as it uses its general deposits, fund deposited is a "special deposit."

3.—Same—Same—General Deposit—Defined. Where it is agreed and understood, either expressly or impliedly, between depositor and bank that the bank may use deposit as it uses its general deposits, then, in the absence of any wrongful intent, the deposit is a "general deposit," no matter what the relation between the depositor and other parties may be.

4.—Same—Same—Presumed to be General. In the absence of proof to the contrary, all deposits are presumed to be general deposits, and the burden is on the party asserting that a deposit is a general one to prove it.

5.—Same—Character of Deposit Determined by Agreements Executed. Agreement of bank with incorporators of insurance company, at time of borrowing money from bank on their notes, and certificate of bank showing money on deposit to be used only in payment of death losses, executed for insurance department, determined whether deposit of beneficiary fund required by statute by insurance company was special or general.

6.—Same—Deposits—General and Special Deposits. The fact that another party may have some control over a deposit so that he must countersign checks before money can be paid upon it does not alone make a deposit a special one.

7.—Same—Same—Deposit Held Not Entitled to Preference as Special. Where agreement between incorporators of insurance company and bank provided that money should be credited to company's beneficiary fund and not drawn upon except by order of insurance department, and should draw interest, and certificate executed by bank for insurance department stated that money should be paid out only upon checks of company, countersigned by superintendent of insurance, and bank was not prevented from using deposit as it used general deposits, deposit was general, and not entitled to preference as a "special deposit" on insolvency of the bank.

*Corpus Juris-Cyc. References: Banks and Banking, 7CJ, p. 630, n. 98, 3; p. 631, n. 4; p. 633, n. 15; p. 750, n. 60.

Appeal from the Circuit Court of Greene County.—Hon. Guy D. Kirby, Judge.

Affirmed.

*Page & Barrett, Barbour, McDavid & Barbour* and *C. W. Hamlin* for appellant.

(a) The trial court found that the fund in controversy was deposited in the bank in accordance with the provision of section 6156, Revised Statutes 1919. A reference to the provisions of that section shows that the deposit must of necessity be a special one for it provides among other things that after the deposit is made in the bank, satisfactory assurances must be given to the Superintendent of Insurance that the said sum of $5000 has not only been provided, but will not be used for any other purpose than the payment of death losses or other benefits provided for in the policies or certificates issued by such corporation, etc. Magee on Banks & Banking (2 Ed.),

sec. 177 at p. 290. (b) The certificate of deposit issued by the Holland Banking Company through its cashier, on October 5, 1923, makes it clear that said bank accepted the $5000 in controversy and placed it to the credit of the beneficiary fund of the interpleader knowing it to be appellant's guaranty fund to the State of Missouri, as provided by statute, and knew that no part of said fund could be drawn out of the bank except in the manner following, to-wit: On vouchers or checks drawn by the interpleader reciting that they are in payment of death losses or other benefits provided for in policies or certificates issued by said interpleader and which vouchers or checks so drawn in the manner aforesaid must, before the same could be paid by the bank, be countersigned or approved by the then acting Superintendent of Insurance of the State of Missouri and the said checks and vouchers must also specifically and definitely state the number of the policy or certificate in the payment of which they are being drawn and also giving the date of the accident or death by reason of which liability under the policies or certificates has accrued; all clearly showing that this fund is a special one and could be used but for one purpose only and therefore could not be treated as a general deposit. Paul v. Draper, 73 Mo. App. 566, 569; Stoller v. Carter, 88 Mo. 514; Phillips v. Overfield, 100 Mo. 466, l. c. 475; In re Estate Horner, 66 Mo. App. 531, 536; Harrison v. Smith, 83 Mo. 210. (c) Money left in a bank for a definite, specific purpose and to be paid out only on certain conditions and to certain and definite persons or class of persons is a trust fund and must be held by said bank as a trustee and in case the bank fails, said fund will be declared a trust fund and given priority over the claims of general creditors. Marshall v. Farmers & Merchants Bank of Steele, 253 S. W. 15; Continental & C. T. & S. Bank v. Chicago T. & T. Co., 199 Fed. 704; Tetlow v. Sundquist, 234 Fed. 613; Secrest v. Ladd, 209 Pac. 824; Covey v. Cannon, 149 S. W. 514; Morton v. Wooley et al., 189 N. W. 232; Woodhouse, Admx. v. Crandall, 58 L. R. A. 385. (d) While it is true that the courts formerly held that a deposit to be a special one must be so kept by the bank as to have the identical money returned to whomsoever is entitled to receive it when called for, but our courts have long since gotten away from that idea and hold that the return to the proper party of the correct amount of money in kind meets the requirement of the law. Schultz v. Bank of Harrisonville, 246 S. W. 614, 616, par. 4. (e) The fact that the bank may mingle trust funds with its other funds does not rob said fund of its character as a trust fund. Nickols v. Bank of Syracuse, 278 S. W. 793; Synod v. Schoemich, 143 Mo. 652, 663; Tiernan's Ex'r. v. Security B. & L. Assn., 152 Mo. 135, 142; Stoller v. Coats, 88 Mo. 514; Harrison v. Smith, 83 Mo. 210; Marshall v. Bank, 253 S. W. 15; Horigan Realty Co. v. Flynn, 213 Mo. App. 591. (f) The fact that this fund was created by the acceptance on the part of the bank of a

note signed by certain individuals makes no difference because the moment that the bank entered it as a deposit either general or special it became, so far as the party to whose credit it was deposited, was concerned, cash, and the assets of the bank were augmented to the extent of that deposit. Bank v. Presnall, 48 Pac. 556. (g) The commissioner of finance upon taking charge of the bank took no higher or greater rights to the assets or contents of that bank than the bank had before it closed its doors. Bank v. Brightwell, 148 Mo. 256, 365, 49 S. W. 994, 995; National Bank v. Sanford, 62 Mo. App. 394; Bank v. Insurance Co., 104 U. S. 54, 26 L. Ed. 693.

*Roscoe C. Patterson* and *Orin Patterson* for respondent.

(1) The deposit of money in a bank without an understanding, express or implied, that the bank is not to intermingle the deposit with its other assets and use, it, is a general deposit and creates the relation of debtor and creditor between the bank and the depositor. Commercial National Bank v. Armstrong, 148 U. S. 37, L. Ed. 363; Chicago Marine Bank v. Fulton County Bank, 2 Wallace 253, 17 L. Ed. 785. Where money is placed in the keeping of a third party without a special understanding that the same shall be kept separate and apart from the personal fund of the custodian, a special deposit is not created. Troike v. Cook County Savings Bank et al., 127 Ill. App. 413. Where no checks have been drawn for the use of the special enterprise, or where it has been abandoned, the bank may appropriate the deposit in payment of any indebtedness to it by the depositor. Bank of Commerce v. Franklin, 90 Ill. App. 91. Special deposit—the title remains with the depositor, and if the subject be money the bank has no right to mingle it with its other funds. Butcher v. Butler, 134 Mo. App. 69. To show that a deposit was in fact special the depositor must show that it was received by the bank under an agreement, expressed or clearly implied, that it should be kept separate from the other funds of the bank and the identical money returned to the depositor. Schulz v. Bank of Harrisonville et al., 246 S. W. 614; Dixon v. Jackson Exchange Bank, 149 Mo. App. 585. The distinction between a general and special deposit as previously stated is this: When the general identity of the property is lost, if special it should at all times be capable of being identified. A special deposit of money can be made, as stated, and be returned and be identified. If, however, it is allowed to be intermingled with the general cash funds of the bank, it must necessarily lose its identity and thereby become the general liability of the bank. Magee on Banks & Banking, p. 278; Bank v. Bank, 108 Maine, 79. In California it is held, in Howard v. Roeben, 33 Calif. 399, that where one makes a special deposit of gold coin, and afterward contracts with the bailee

to pay interest on the same, the special deposit is turned into a general one; but when the deposit is made as a special deposit, for example, when the bank merely assumes charge of the money or specific property, and has no authority to use it, the depositor is entitled to have the specific property or identical money returned. The reason of this rule is that the title remains in the depositor and the bank is merely a bailee or trustee. Magee on Banks & Banking, p. 292. Money deposited with the bank for a particular purpose, but with the depositor's consent intermingled with the other funds, is a general deposit. 2 Michie on Banks & Banking, p. 1296; Mutual Accident Assn. v. Jacobs, 43 Ill. App. 340; Otis v. Gross, 96 Ill. 612, 36 Am. Rep. 157; Craig v. Bank of Granby, 238 S. W. 507. A special deposit cannot be checked on because it does not belong to the bank. 2 Michie on Banks & Banking, p. 1309. A deposit is general unless expressly made special or specific, or the circumstances are such as to imply that the deposit is not meant to be general, as where money is deposited enclosed in a box or bag or sealed up. Wherefore the bank has a right to mingle the funds deposited with its own and treat them as a debt due from it. Even though the money may be trust property given to the bank on condition that it would pay a certain sum to the *cestui* during life the deposit is general. In the absence of evidence to show that it is the bank's duty by agreement expressed or clearly implied, to keep the funds and their investment separate it must be treated as a general deposit. 1 Morris on Banks & Banking, sec. 186, p. 417, and cases there cited; Woodhouse v. Crandall, 99 Ill. App. 552; Troike v. Cook County Savings Bank, 127 Ill. App. 413. The deposit, for a specific purpose, although in money, cannot be placed to the credit of the depositor and become a general liability of the bank. It must be retained for the specific purposes named. Magee on Banks & Banking (2 Ed.), sec. 177, p. 290. (2) Assuming that the Holland Banking Company was a trustee of the deposit of $5000, made September 24, 1923, more than four months before the bank's failure, the relation of the appellant is merely that of a general creditor of the Holland Banking Company because the deposit has not been traced into the hands of the Finance Commissioner. Phillips v. Overfield, 100 Mo. 466; Bircher v. Walther, 163 Mo. 461.

COX, P. J.—Action seeking to have a deposit in a bank that had failed declared a special deposit and entitled to preference in payment out of the assets of the bank. Trial by court and finding for defendant denying the preference. Plaintiff appealed.

There was no dispute as to the facts in this case. It is conceded that at the time the Holland Bank closed its doors and was taken over for liquidation by the State Finance Commissioner, the plaintiff had on

deposit in said bank the sum of $5000. Plaintiff's claim is that this money was a trust fund and known by the bank officers to be such and that when deposited in the bank it became a special deposit, as distinguished from a general deposit, and it is on that basis that plaintiff now claims the right to a preference.

The facts from which the character of this deposit is to be determined are as follows: Seven persons organized the plaintiff as an insurance company upon the assessment plan. The statute under which this company was organized, as far as applicable here, is as follows:

"No decree shall be made and no certificate of incorporation issued . . . until the Superintendent of the Insurance Department shall certify . . . that $5000 in cash has been deposited in a bank to the credit of the beneficiary fund of the proposed corporation and that satisfactory assurances have been given to the State Superintendent that the said $5000 shall not be used for any other purpose than the payment of death losses or other benefits provided for in the policies or certificates issued by such corporation." In order to comply with this statute the seven persons who were the incorporators of plaintiff executed a note to the Holland Banking Company at Springfield, Missouri, for the sum of $5000, bearing date of September 7, 1923, and payable six months after date with six per cent interest. Following the delivery of this note to the bank, the bank issued the following agreement:

"Springfield, Mo.
"September 24, 1923.

"The Holland Banking Company agrees that, as soon as the papers are received from the Insurance Department of the State of Missouri, they will sign same, certifying that the Missouri Mutual Association has, on this date September 24, 1923, $5000 deposited to the credit of their Beneficiary Fund, said $5000 being their guarantee to the State and is not to be drawn on except by order of the Insurance Department.

"The said $5000 to draw interest at the rate of four per cent per annum, said four per cent to be credited by the Holland Banking Company as payment on the note of the seven directors of the Missouri Mutual Association dated September 7, 1923.

"(Sgd.) E. N. Ferguson,
"For the Holland Banking Company."

We infer that this agreement on the part of the bank was communicated to the insurance department of the State. The Insurance Department then prepared and sent to an attorney in Springfield a certificate to be executed by the company that appears to be the one in general use by the department when insurance companies upon the assessment plan are organized and incorporated under the stat-

ute above set out. This certificate was executed by the bank and sent to the insurance department. The certificate of incorporation was then issued and plaintiff began business as an insurance company upon the assessment plan. The certificate just alluded to is as follows:

"Springfield, Missouri.

"October 5, 1923.

"I, C. F. Wright, Cashier of Holland Banking Company, of Springfield, Missouri, do hereby certify that there is deposited in said Holland Banking Company to the credit of the Beneficiary Fund of the Missouri Mutual Association the sum of five thousand dollars ($5000) to be used only in payment of vouchers or checks drawn by the Missouri Mutual Association for the payment of death losses or other benefits provided for in the policies or certificates issued by said Association, and said Holland Banking Company will apply said five thousand dollars ($5000) only upon checks or vouchers drawn on said beneficiary fund, countersigned and approved by the then acting Superintendent of Insurance of the State of Missouri, and reciting the number of the policy or certificate, and the date of the accident or death, by reason of which benefits have accrued under such policies or certificates, and upon which checks or vouchers the endorsement of the name of the payee shall constitute a receipt for the benefits to pay which they are drawn.

"(Sgd.) C. E. WRIGHT, Cashier,

"HOLLAND BANKING COMPANY,

"Springfield, Missouri."

At the time this certificate was executed, the bank entered upon its deposit sheet relating to the deposit of $5000 deposited the following: "Deposited $5000 not to be paid out except on the order of the Insurance Department. Hold. See contract with Nelson." The clause "See contract with Nelson" meant the contract or certificate above set out executed on behalf of the bank by C. F. Wright, Cashier. This sheet had at the top this notation "four per cent interest," which it was explained meant that the bank was to pay four per cent interest on this deposit. No checks were drawn on this account. The $5000 was not kept separate and apart by the bank but was placed in its general account. It was admitted that plaintiff carried another deposit account in the same bank which was separate and apart from the one involved here and was a general deposit account. It was also admitted that the Commissioner in charge of the bank has on hand sufficient funds out of which to pay this claim if it be determined that plaintiff is entitled to a preference.

On the facts stated was plaintiff entitled to a preference? It is conceded by both sides that the issue hinges on the question whether this deposit was a general deposit or a special one. If it were a special deposit it is conceded that plaintiff should be allowed a pref-

erence but if it is not found to be a special deposit, then the prefer-
ence should be denied. The trial court held that it was not a special
deposit and denied the preference.

Appellant to sustain its contention that the $5000 was a special
deposit cites us to the following cases: Paul v. Draper, 73 Mo. App.
566, 569; Stotler v. Carter, 88 Mo. 514; Phillips v. Overfield, 100
Mo. 466, 475; In re Estate Horner, 66 Mo. App. 531, 536; Harrison
v. Smith, 83 Mo. 210; Marshall v. Farmers & Merchants' Bank of
Steele, 215 Mo. App. 365, 253 S. W. 15, and a number of cases
in other jurisdictions. Other cases are cited on minor questions con-
nected with the subject which we do not deem it necessary to discuss.

The first case cited by appellant, Paul v. Draper, 73 Mo. App. 566,
was by the St. Louis Court of Appeals and was certified to the Su-
preme Court by a dissenting opinion and the action of the Supreme
Court in that case is reported in 158 Mo. 197. The Supreme Court
reversed the action of the Court of Appeals and affirmed the judg-
ment of the circuit court. That decision of the Supreme Court has
not been overruled or criticised, as far as we can learn, and in our
opinion declares the law which binds us in this case. In that case
Paul, as guardian for minor children, received a pension check pay-
able to him as guardian. He deposited this check in a bank and the
bank knew at the time that he was guardian for the minors and that
the money which the bank collected on the check belonged to the
minors. The deposit was entered in the name of Paul as an individ-
ual and he drew some checks against it which he signed as an in-
dividual and which the bank paid. Afterward the bank failed and
Paul sought to have a preference declared in his favor for the re-
mainder of the fund. The Supreme Court held that there was no
wrongful intent to convert the fund shown and disposed of the case
on the same theory as it would had the deposit been in the name of
Paul as guardian. The court held in that case that to impress a de-
posit in a bank with a trust, the trust relation must exist between the
bank and the deposit or the *cestui que trust* or beneficiary. The fact
that the funds deposited may be held by the depositor in trust for
some other party is not, of itself, sufficient to impress the trust upon
a bank and make the deposit a special one. From the decision in that
case, and others which we have considered, we have reached the con-
clusion that in this State if there is no *mala fides* connected with the
transaction the character of the deposit, whether general or special,
is to be determined from the contract between the depositor and the
bank. If that contract establishes a trust relation between the de-
positor and the bank and takes away from the bank the right to use
the fund deposited as it uses its general deposits, then it is a special
deposit. If, however, it is agreed and understood, either expressly
or impliedly, that the bank may use this deposit as it uses its general
deposits, then, in the absence of any wrongful intent, the deposit is

a general one no matter what the relation between the depositor and other parties may be. In this case there was no *mala fides*. All parties acted in good faith in their efforts to comply with the law and the rule of practice by the State Superintendent of Insurance. We must therefore determine the character of this deposit from the contract made by the parties at the time of the deposit. In considering, this question we start with the promise that, in the absence of proof to the contrary, all deposits are presumed to be general deposits and the burden is on the party asserting that a deposit was a special one to prove it. [Butcher v. Butler, 134 Mo. App. 61, 69.]

The fund necessary to be deposited in this case was secured by the organizers of the corporation borrowing $5000 from the bank under an agreement with the bank that when the organization was completed it should be deposited to the credit of the beneficiary fund of the corporation and not be drawn upon except by the order of the Insurance Department. This agreement also provided that the said $5000 should draw interest at the rate of four per cent and this interest was to be credited on the note of the seven organizers which was given the bank in order to secure the $5000. This agreement was executed September 24, 1923. A few days later, to-wit, October 5, 1923, the certificate prepared by the insurance department was executed by the bank. This certificate, as heretofore stated, provides that this $5000 should be paid out by the bank only upon checks of the insurance company countersigned and approved by the then acting Superintendent of Insurance of the State of Missouri. Suggestion has been made that the execution of the note dated September 7th and the agreement executed by the bank on September 24th which provides that interest should be paid upon the deposit was between the bank and the parties to the note as individuals and the insurance company was not bound by them. The execution of the note was for the purpose of borrowing money necessary under the statute to be deposited in the bank to the credit of the beneficiary fund of the corporation before such a corporation could obtain a charter. The agreement executed by the bank on September 24th and the certificate of October 5th following were all preliminary steps necessary to be taken in the formation of the corporation and in our opinion are all a part of the same transaction and must all be construed together in determining the character of this deposit. That note with the final certificate prepared by the insurance department executed by the bank October 5, 1923, binds the bank by the assertion that there was then on deposit in said bank the sum of $5000 to the credit of the beneficiary fund of the Missouri Mutual Association, the plaintiff in this case. Stopping here to refer to the statute heretofore quoted, we find a provision of the law that before any certificate of incorporation of any insurance company upon the assessment plan can be issued, the proposed corporation must have on

deposit in some bank the sum of $5000 to the credit of its beneficiary fund and that satisfactory assurance must have been given the State Superintendent of Insurance that the said sum of $5000 will not be used for any purpose other than the payment of the death losses or other benefits provided for in the policies or certificates issued by said corporation. There are no limitations placed upon what the State Superintendent of Insurance may require in relation to the assurance to be furnished him that the requirements of the statute relative to the $5000 therein provided being retained to be used for the purpose of paying the liabilities under the policies of the company will be met. The Superintendent of Insurance has adopted the plan of requiring a contract from the bank where the money is deposited that no part of this money will be paid out except upon checks reciting what the payment is for and further that these checks must be approved and countersigned by the then acting State Superintendent of Insurance. This is the assurance required by the Superintendent of Insurance that the money will be used for the purpose contemplated by the statute, a very wise provision. That places the final control of this deposit in his hands and makes it impossible for the insurance company to divert it to another purpose. Neither the Insurance Company nor the State Superintendent of Insurance can, alone, draw out any of this deposit. Both must act co-jointly to accomplish that result. The fact, however, that another party may have some control over the deposit so that he must countersign checks before money can be paid upon it does not alone make the deposit a special one. [Butcher v. Butler, supra, p. 70.]

If this deposit were a special one in the first place so that the bank could not use it as a general deposit nor pay it out except for one purpose the Superintendent of Insurance would have needed no further assurance that the deposit would be so used. We find nothing in the whole transaction that in any way restricted the bank in the use of this money while on deposit. Nothing appears that would prevent the bank from placing this money with its general deposit and using it as it used all general deposits. There is a provision in the original agreement of September 24, 1923, that the bank will pay four per cent interest on this deposit. That clearly shows that the bank had the right to use this money else they could not and would not have paid interest upon it.

Our construction of the agreement between the depositor and the bank leads us to the conclusion that the bank was not thereby deprived of the right to use the $5000 deposited as it used all other general deposits, and the trial court was right in holding that the deposit was not a special deposit and the preference was properly denied.

The judgment will be affirmed. *Bradley* and *Bailey, JJ.,* concur.