SPECIAL ROAD DISTRICT No. 4 ET AL., DALLAS COUNTY, RESPONDENT, v. S. L. CANTLEY, COMMISSIONER OF FINANCE, APPELLANT.*

Springfield Court of Appeals    July 20, 1928.

90

*Corpus Juris-Cyc References: Banks and Banking, 7CJ, section 543, p. 749, n. 58; section 548, p. 752, n. 81; Trusts, 39Cyc, p. 191, n. 99; p. 536, n. 18.

*Page & Barrett* for appellant.

*O. H. Scott* and *Levi Engle* for respondent.

BAILEY, J.—This is a suit to have a certain bank deposit declared a trust fund in the hands of the Bank of Louisburg, and in control of the state commissioner of finance and that the same be paid in full as a preferred claim. Judgment was for plaintiffs and defendant has appealed.

At the trial it was stipulated and agreed that the facts set forth in the petition are true except in the particulars hereinafter mentioned. The material allegations of the petition are as follows:

"Special road district of Dallas county, Missouri, petitioner states that it is legally organized under the laws of the State of Missouri, and that C. E. Mahaffey, O. F. Caldwell and Frank Erhman are the duly elected and acting commissioners of said district.

"That the defendant bank was on the 19th day of February, 1927, and for a long time prior thereto, a legally organized corporation engaged in the business of banking at the town of Louisburg, Dallas county, Missouri. That said bank became insolvent, and on the 9th day of March, 1927, its affairs were placed in custody of the commissioner of finance of the State of Missouri, for liquidation, who still has the custody and control of the affairs of said bank.

"Petitioner states that on the 19th day of February, 1927, the commissioners of the plaintiff road district illegally and wrongfully drew a warrant or order on the treasurer of Dallas county, Missouri, and *ex-officio* treasurer of said road district, for the sum of

two thousand dollars, payable to the said Bank of Louisburg, which said amount of two thousand dollars was paid by the said county treasurer as treasurer of said road district, upon presentation of said warrant or order, to the said Bank of Louisburg, and the same was deposited in the said bank by the officers and agents of said bank, to the credit of the special road district No. 4, plaintiff herein.

"Petitioner states that the officers and agents of said bank at the time that they received the said two thousand dollars and placed the same on deposit in the said bank to the credit of said road district well knew that the money thus received and deposited, was the money and property of said road district; and the cashier, officers and agents of said bank well knew at the time that they received the said sum of money from the county treasurer and deposited the same in said bank, that they had no legal right or authority to accept the same and that said deposit was received and made in violation of law.

"Petitioner states that the said two thousand dollars remained on deposit in said bank until said bank was closed and its affairs placed in custody and control of the commissioner of finance for liquidation. That the petitioner duly filed its claim with the deputy commissioner of finance in charge of said bank, and the same was allowed in the amount of two thousand dollars, and duly certified as an 'allowed claim' by the deputy commissioner.

"Petitioner states that at the date of the closing of said bank and at the present time the said bank has sufficient funds out of which to pay said claim in full.

"WHEREFORE, etc."

It is not admitted that the commissioners had no legal right or authority to withdraw funds from the county treasurer and that the cashier and officers of the bank knew at the time they received said money that they had no legal right or authority to accept same nor that said deposits were received and made in violation of law. These were conclusions of law pleaded in plaintiff's petition and denied by defendant. There was no testimony taken.

It is urged the court erred in holding that the claim of the petitioner was preferred and that the act of the commissioner of the road district in depositing the money in defendant bank and the act of the bank in receiving the deposit, were *mala fides.*

It stands conceded that the money deposited in the Bank of Louisburg, for which preference is sought, was public money. The general rule is that where public funds are deposited in a bank by an official charged with their custody, such deposit, in the absence of statute, stands upon the same plane as other general deposits and a claim therefore is not entitled to preference. [3 R. C. L. 555; McNulta v. West Chicago Park, 99 Fed. 900; Board of Education v. Union Trust Co., 136 Mich. 454, 99 N. W. 373.]

It is equally well settled that where public funds are wrongfully or illegally deposited in a bank having knowledge of the public character of the funds, they are impressed with a trust and entitled to a preference, provided the fund can be traced or the assets of the bank have thereby been increased. [Page County v. Rose et al., 130 Ia. 296, 8 Ann. Cas. 114; Spokane County v. Clark, 61 Fed. 538; Beard v. Independent Dist., 60 U. S. App. 372; Crawford County v. Strawn, 157 Fed. 49, 15 L. R. A. (N. S.) 1100; Allen v. United States, 285 Fed. 678; State v. Bank of Commerce, 54 Neb. 725, 75 N. W. 28.]

At common law the State was entitled to priority of payment out of the assets of an insolvent debtor. This proposition has been recognized in this State but preference denied on the theory of waiver. [In re Holland Banking Company, 281 S. W. 702.] ·

Whether or not the common-law doctrine could be invoked by a political subdivision of the State so as to entitle it to a preference, in the absence of statute, is questionable. However that may be, in the case at bar there is a statute relied upon by both plaintiff and defendant as upholding their respective theories. Section 10836, article 8, chapter 98, Revised Statutes 1919, relating to special road districts, provides for the organization of the board of commissioners. It further provides that, ''The treasurer of said board shall be the county treasurer, and he shall be responsible on his bond for the faithful keeping of all moneys deposited with him by reason of this law. All money paid to the county treasurer and placed to the credit of the district shall be paid out only on warrants signed by the president or vice-president and attested by the secretary, except as may be otherwise authorized by law.'' Defendant asserts that under the terms of this statute the board of commissioners has authority to draw warrants on the funds of the road district and, no provision being made for a depository, it was not illegal for the commissioners to make the deposit in question. Under the agreed statement of facts it appears that what the road commissioners actually did was to transfer the sum of two thousand dollars from the county treasurer (the officer named by the statute as custodian of the funds of the road district), to the account of the special road district, by drawing a warrant in proper form payable to the Bank of Louisburg and depositing same to the credit of the special road district. The authority of the commissioners to draw the warrant cannot be successfully denied. That authority is conferred by the statute referred to. But the commissioners certainly have no authority to draw warrants on the county treasurer for the purpose of making another person· or institution custodian of the funds of the district. Such an act would nullify the statute. The evident purpose of the law is to protect the funds of the district by making the county treasurer responsible, under bond, for the faithful keeping of all moneys de-

posited with him. When moneys are taken from his hands they no longer have that protection. No other person or persons had the right to make deposits for the special road district. If the warrant as drawn was the property of the road district the county treasurer automatically became the sole lawful custodian thereof. It is conceded the warrant drawn in favor of the Bank of Louisburg did not transfer any beneficial interest to that bank, but the proceeds of the warrant continued to be moneys belonging to the district. The only fair inference is that the object of the transaction was to take the district's money from the hands of the county treasurer and place it in a separate account over which he had no control. This was an unlawful act and created a trust *ex maleficio*. The defendant is charged with knowledge of the terms of the statute. Under such circumstances the relation of debtor and creditor was not created and plaintiff had the right to recover its property from the insolvent bank or the commissioner. [William R. Compton Co. et al. v. Farmers Trust Co., 279 S. W. 746; Farmers' Trust Co. v. Burnes Natl. Bank, 285 S. W. 110.]

It is next contended that, even in cases where public funds are held to be trust funds, before they can be made a preferred claim and collected as such, the funds must be traced to some specific fund or property. There is substantial authority in support of this proposition. But in the case at bar, under the admitted facts, defendant bank on the date it closed had sufficient funds out of which to pay said claim in full. We have held defendant held the road district's money in trust. The authorities are abundant in this State which hold that where a trustee comingles trust money with his own so that it cannot be distinguished, equity will follow the money and take out the amount due the *cestui que trust*. [Harrison v. Smith, 83 Mo. 210; Midland National Bank v. Brightwell, 148 Mo. 358, 49 S. W. 994; Bank of Poplar Bluff v. Millspaugh, 275 S. W. 579, l. c. 582; Marshall v. Bank of Steele, 215 Mo. App. 365, 253 S. W. 15.]

We therefore hold plaintiff was entitled to a preference and the judgment of the circuit court should be affirmed. It is so ordered. *Cox, P. J.*, and *Bradley, J.*, concur.