# NO. 12-07-00416-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ROBERT TURNER,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Robert Turner appeals his conviction for aggravated assault on a public servant with a deadly weapon, for which he was sentenced to imprisonment for life and a ten thousand dollar fine. Appellant raises six issues on appeal. We modify the judgment and, as modified, affirm.

### BACKGROUND

Appellant, an inmate, was charged by indictment with aggravated assault on a public servant with a deadly weapon and pleaded "not guilty." The matter proceeded to a jury trial. The record of the trial[1] reflects that correctional officer April Colburn was in the process of letting inmates go to the day room when Appellant grabbed her from behind, threw her to the ground, and slit her throat.[2] The jury found Appellant "guilty" as charged and assessed his punishment at imprisonment for life. The trial court sentenced Appellant accordingly, and this appeal followed.

---

[1] Appellant has not challenged the sufficiency of the evidence.

[2] Several witnesses testified that Appellant used a razor blade to slit Coburn's throat. Other witnesses stated that they could not see if Appellant used any sort of weapon to inflict these injuries on Coburn.

## FAILURE TO SUA SPONTE DECLARE A MISTRIAL

In his first issue, Appellant argues that the trial court abused its discretion by failing to sua sponte declare a mistrial following irrelevant, inflammatory, and highly prejudicial testimony offered by witness for the State Shelly Cote. Cote was a nurse who treated Colburn following the attack. At trial, the State questioned Cote concerning how she felt after seeing the injuries Colburn sustained. Cote responded, "This crime had to be the most premeditated –[.]" However, Cote's response was cut short by Appellant's objection that the question called for speculation. The trial court sustained Appellant's objection.

The State next asked Cote how the attack affected her personally. Cote responded as follows:

> For about eight months[,] I could not sleep. This was such a horrific set of events that it set me way back. I had trouble sleeping. I had trouble dealing with all of this. It was just such a horrific crime. I had to go down to the cell to deliver papers to Lieutenant Hatt, use of force papers, and I didn't realize whenever I walked up to the cell that I would see what I saw, you know, where he had tied a sheet so that he could get behind the sheet and hide, the razor blades that he had taped to the wall so that he could slice his wrists so that he could go to Skyview, all the little things that he had done in preparation of doing this crime and all the things that he did in preparation of slicing this girl's throat. It was so planned, it was so deviant that he would do those things to this girl. I just -- It had just took me down, took me way down that anybody would have the criminal mind. And I deal with these inmates every day, every day, every day.

Appellant objected, stating, "I think it's getting beyond her --[,]" but the trial court interrupted Appellant and instructed the State to "move on." Appellant made no attempt to clarify his objection, obtain a ruling, obtain an instruction to disregard, or move for mistrial.

A trial judge may sua sponte declare a mistrial for "manifest necessity." *See* ***Hill v. State***, 90 S.W.3d 308, 317 (Tex. Crim. App. 2002). However, Appellant has not cited to, nor are we aware of, any authority holding that a trial court's failure to sua sponte declare a mistrial is reversible error. Rather, in order for us to consider Appellant's complaint on appeal, the record must show that Appellant preserved his complaint by a timely request, objection, or motion and obtained a ruling from the trial court. *See* TEX. R. APP. P. 33.1(a); ***Hull v. State***, 67 S.W.3d 215, 217 (Tex. Crim. App. 2002). Since Appellant did not request a mistrial, he has not preserved that issue on appeal. *See* ***Nanez v. State***, 179 S.W.3d 149, 151 (Tex. App.–Amarillo 2005, no pet.); ***Dominguez v. State***, 125 S.W.3d 755, 763 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd). Appellant's first issue is overruled.

## EXCLUSION OF EVIDENCE

In his second issue, Appellant argues that the trial court erred by not allowing him to fully examine and cross examine correctional officer James Crozier concerning Appellant's treatment by other correctional officers following the attack on Colburn because the prosecution had "opened the door" with regard to these subsequent events. Specifically, Appellant contends that the trial court improperly limited his cross examination of Crozier with regard to matters following the attack to the point in time at which Appellant was secured in his cell. In his brief, Appellant sets forth that the following exchange amounts to error by the trial court:[3]

> [APPELLANT'S COUNSEL]: Your Honor, may we approach briefly?
>
> THE COURT: Is this something we need on the record?
>
> [APPELLANT'S COUNSEL]: Yes.
>
> THE COURT: All right. Bailiff, if you will take the jury to the jury room please.
>
>     (Open court, defendant present, no jury)
>
> THE COURT: Okay. Let the record reflect that the jury is outside the court room. Yes, ma'am?
>
> [APPELLANT'S COUNSEL]: Your Honor, again I'm just approaching or asking for a hearing outside the presence of the jury regarding the State's motion in limine. The witness is again another witness who did not witness the assault. He's testified to acts by and against the accused following the assault. Again I'm asking, I believe that the right to confront the witness and cross examine the witness on the items in his statement, what he witnessed, what happened at the cell. And further this is a witness, the person of rank that Ms. Cote reported another incident to. So I'd like to limit it to those, but I would like to be able to confront and cross examine the witness, to examine first his knowledge of all the events in context with what the State's already asked him about. And to also show if there's any bias or motive in favor of the prosecution. And just to confront and cross examine this witness to the acts he's already testified to, but specifically just the gassing, then anyone striking him, or his knowledge.
>
> THE COURT: Well, let me ask, folks. This is the actual alleged assault by the inmate on the officer, okay, her treatment afterwards for reasons to show the seriousness or not seriousness, okay, and then the events up until the time the alleged offender was secured. Okay? Anything after that would be irrelevant. Now then, I'll ask this question. Is there a contention on the defense['s] part that there was wrongdoing on behalf of this officer while they secured the inmate after the alleged offense against the officer?
>
> [APPELLANT'S COUNSEL]: Your Honor, I don't believe -- I believe that several officers went to discipline, but I do not –

---

[3] During Cote's testimony, the parties argued concerning the relevance of an incident involving an officer's poking Appellant's eye while Appellant was waiting to receive medical treatment. The trial court sustained the State's objection to such testimony and Appellant made an offer of proof, which comprised a written statement made by Cote in an administrative case against the offending officer. Appellant makes no reference to this offer of proof in his briefing of his second issue.

3

THE COURT: That's my point. If there was any – The State's opened the door as to as far as the arrest of the inmate. I use arrest, but to get him secured in his cell or outside the cell. After that I think the relevance ends. Now then, there may be a whole new different ball game where some officer did this or someone stuck him in the eye or whatever. But anything after that I think is irrelevant.

[APPELLANT'S COUNSEL]: Okay. Well, your Honor, I think that, for the most part, he was there during this so I want to ask him of that, I mean what he witnessed and what he reported. But also what happened was the stick in the eye incident was in the infirmary later and that was supposed to be reported there.

[PROSECUTING ATTORNEY]: Your Honor, that is irrelevant.

THE COURT: I'm going to rule with the State on that. I'll sustain the objection for those.

THE COURT: Anything is relevant up and to the time the inmate was secured. Okay? And I believe from his testimony he's testified that the inmate was taken to the floor; there he was secured, and taken to the infirmary. Anything after that – ... admittedly, there may be a different offense here or there may be a different crime here. But for our purposes in this trial anything after the time that he was initially secured or secured, rather, I'm going to rule is irrelevant. All right.

In order to preserve error regarding a trial court's decision to exclude evidence, the complaining party must comply with Rule of Evidence 103 by making an "offer of proof" that sets forth the substance of the proffered evidence. TEX. R. EVID. 103(a)(2). Rule 103(a)(2) provides, "Error may not be predicated upon a ruling which ... excludes evidence unless a substantial right of the party is affected, and ... the substance of the evidence was made known to the court by offer, or was apparent from the context within which questions were asked." *Id.* The offer of proof may consist of a concise statement by counsel, or it may be in question and answer form. *See Warner v. State*, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998). If in the form of a statement, the proffer "must include a reasonably specific summary of the evidence offered and must state the relevance of the evidence unless the relevance is apparent, so that the court can determine whether the evidence is relevant and admissible." *Id.* "The primary purpose of an offer of proof is to enable an appellate court to determine whether the exclusion was erroneous and harmful." *Mays v. State*, No. PD-0670-07, 2009 WL 1066936, at *4 (Tex. Crim. App. Apr. 22, 2009). "A secondary purpose is to permit the trial judge to reconsider his ruling in light of the actual evidence." *Id.*

In his brief, Appellant states his second issue broadly, complaining that he was not permitted to fully cross examine multiple unnamed witnesses. However, in his briefing of his

4

second issue, Appellant confines his argument to the aforementioned statement made by the trial court at the outset of Appellant's cross examination of Crozier. Appellant made no offer of proof with regard to Crozier's testimony. Therefore, Appellant has not preserved error with regard to the trial court's evidentiary rulings that may have limited the testimony Appellant was entitled to elicit from Crozier. *See* TEX. R. EVID. 103(a)(2). To the extent Appellant sought to argue that the trial court's determination of relevancy improperly limited the testimony he was permitted to elicit from other witnesses, Appellant has waived the issue for his failure to properly brief it. *See* Tex. R. App. P. 38.1(h). Appellant's second issue is overruled.

### LESSER INCLUDED OFFENSE

In his third issue, Appellant argues that the trial court improperly denied his request for inclusion in the court's charge of the lesser included offense of assault on a public servant without a weapon. An offense is a lesser included offense if (1) it is established by proof of the same or less than all the facts required to establish the commission of the offense charged; (2) it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission; (3) it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or (4) it consists of an attempt to commit the offense charged or an otherwise included offense. TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *see also Hall v. State*, 225 S.W.3d 524, 527 (Tex. Crim. App. 2007).

Furthermore, a charge on a lesser included offense should be given only when there is some evidence that would permit a rational jury to find that the defendant is guilty of the lesser offense but not guilty of the greater. *See Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau v. State*, 855 S.W.2d 666, 672–73 (Tex. Crim. App. 1993). The State concedes that assault on a public servant is a lesser included offense of aggravated assault on a public servant with a deadly weapon. *See Irving v. State*, 176 S.W.3d 842, 845 (Tex. Crim. App. 2005) (simple assault may be a lesser included offense of aggravated assault in some cases); *compare* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(2)(B) (Vernon Supp. 2008), *with* TEX. PENAL CODE ANN. § 22.01(a), (b)(1) (Vernon Supp. 2008). Thus, in our analysis, we will focus on whether there is any evidence of record that would permit a rational jury to find that the

5

defendant is guilty of assault on a public servant, but not aggravated assault on a public servant with a deadly weapon.

Appellant argues that "several prosecution witnesses observed the incident, but did not observe [Appellant] use a weapon." Specifically, Appellant directs us to the testimonies of inmate Stanley Bell, inmate Michael Dixon, and Colburn. Bell testified that he did not actually see the weapon, but that Appellant cut Colburn. Dixon stated that he did not see what Appellant had in his hand. Finally, Colburn testified that she did not actually see a razor or weapon. None of the testimony offered by these witnesses supports that Appellant is guilty of assault on a public servant, but not aggravated assault on a public servant with a deadly weapon. Each witness denied seeing a weapon. However, no witness testified that he or she saw Appellant commit the assault without use of a weapon.

Appellant further argues that Appellant's fingerprints were not found on the razor blades that were discovered near the scene. Appellant's assessment is accurate. Criminal investigator Johnny Thomas testified that the razor blade itself was too small for him to be able to collect a fingerprint from it by which a person could be identified. Moreover, Appellant contends that Colburn's blood did not match any of the samples taken from Appellant's clothing for testing by the crime lab. This assessment is also accurate. However, neither of these facts support that Appellant is guilty only of assault of a public servant.

Based upon our review of the record, we have not uncovered any evidence that would permit a rational jury to find that the defendant is guilty of assault on a public servant, but not aggravated assault on a public servant with a deadly weapon. Therefore, we hold that the trial court did not err in denying Appellant's request for a lesser included offense of assault on a public servant without a weapon. Appellant's third issue is overruled.

## MOTION TO SUPPRESS

In his fourth issue, Appellant argues that the trial court erred in denying his motion to suppress his video taped confession. Specifically, Appellant contends that the State failed to meet its burden of proving that his confession was made voluntarily.

**Standard of Review**

6

We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *See Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). A trial court's decision to admit evidence of a confession will be overturned on appeal only where a flagrant abuse of discretion is shown. *See Delao v. State*, 235 S.W.3d 235, 238 (Tex. Crim. App. 2007). In reviewing the trial court's decision, we do not engage in our own factual review. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State*, 118 S.W.3d 857, 861 (Tex. App.–Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State*, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds*, *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006). Therefore, we give almost total deference to the trial court's rulings on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application of law to fact questions that turn on an evaluation of credibility and demeanor. *See Amador*, 221 S.W.3d at 673; *Montanez v. State*, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State*, 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when application of law to fact questions do not turn on the credibility and demeanor of the witnesses, we review the trial court's rulings on those questions de novo. *See Amador*, 221 S.W.3d at 673; *Estrada v. State*, 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson*, 68 S.W.3d at 652–53.

In other words, when reviewing the trial court's ruling on a motion to suppress, we must view the evidence in the light most favorable to the trial court's ruling. *See Wiede*, 214 S.W.3d at 24; *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the record is silent on the reasons for the trial court's ruling, or when there are no explicit fact findings and neither party timely requested findings and conclusions from the trial court, we imply the necessary fact findings that would support the trial court's ruling if the evidence, viewed in the light most favorable to the trial court's ruling, supports those findings. *See Kelly*, 204 S.W.3d at 819; *see Amador*, 221 S.W.3d at 673; *Wiede*, 214 S.W.3d at 25. We then review de novo the trial court's

legal ruling unless the implied fact findings supported by the record are also dispositive of the legal ruling. *See Kelly*, 204 S.W.3d at 819.

**Voluntariness of Confession**

Under Texas Code of Criminal Procedure, article 38.21, a statement of an accused may be used in evidence against him if it appears that the same was freely and voluntarily made without compulsion or persuasion.[4] *See* TEX. CODE CRIM. PROC. art 38.21 (Vernon 2005). The United States Supreme Court has held that the determination of whether a confession was voluntarily rendered must be analyzed by examining the totality of the circumstances. *See Delao*, 235 S.W.3d at 239 (citing *Arizona v. Fulminante*, 499 U.S. 279, 285–86, 111 S. Ct. 1246, 1252, 113 L. Ed. 2d 301 (1991)). This same analysis is applicable to cases involving a confession made by a person who has a mental illness.

Claims of involuntariness under article 38.22 can be, but need not be, predicated on police overreaching, and they could involve the sweeping inquiries into the state of mind of a criminal defendant who has confessed found in *Connelly* that are not of themselves relevant to due process claims. *Oursbourn v. State*, 259 S.W.3d 159, 172 (Tex. Crim. App. 2008). Article 38.22 is aimed at protecting suspects from police overreaching. *Id.* But section 6 of that article may also be construed as protecting people from themselves because the focus is upon whether the defendant voluntarily made the statement. *Id.* The behavior of the police may or may not be a factor. *Id.* A confession given under the duress of hallucinations, illness, medications, or even a private threat, for example, could be involuntary under article 38.21 and the Texas confession statute. *Id.* Likewise, evidence of an individual's diminished mentality would have some bearing on whether his confession is admissible, but is not conclusive of involuntariness; rather it is a fact to be considered. *See Delao*, 235 S.W.3d at 240 (citing *Bizzarri v. State*, 492

---

[4] A defendant may make a claim that his statement was not freely and voluntarily made under several different theories: (1) Texas Code of Criminal Procedure, article 38.22, section 6 (general voluntariness); (2) *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966), as expanded in Texas Code of Criminal Procedure, article 38.22, sections 2 and 3 (the Texas confession statute); or (3) the Due Process Clause. *See Oursbourn*, 259 S.W.3d at 169. In the instant case, Appellant has failed to specify the theory underlying his claim that his statement was not voluntarily given. *See* TEX. R. APP. P. 38.1(h). However, we interpret Appellant's brief liberally in the interest of justice. *See* TEX. R. APP. P. 38.1(e), 38.9. In light of the fact that Appellant has not made mention of *Miranda* or made allegations of coercive police activity, *see Colorado v. Connelly*, 479 U.S. 157, 167, 107 S. Ct. 515, 522, 93 L. Ed. 2d 473 (1986), we will address Appellant's issue under article 38.22, section 6.

S.W.2d 944, 946 (Tex. Crim. App. 1973)). Rather, in order to invalidate a confession, a defendant's mental impairment must be so severe that he is incapable of understanding the meaning and effect of his confession. *See Daniels v. State*, No. 10-07-00115-CR, 2008 WL 5093380, at *2 (Tex. App.–Waco Dec. 3, 2008, no pet.) (mem. op., not designated for publication); *see also Delao*, 235 S.W.3d at 240 (noting that the court of appeals had applied this standard).

In the instant case, Appellant argues that since the interview in which he confessed was conducted at the Skyview Unit of the Texas Department of Criminal Justice ("TDCJ")[5], the State has not met its burden of proving that his confession was voluntary. In reaching its conclusion of law that Appellant's statement was voluntarily given, the trial court made the following findings of fact in accordance with article 38.22, section 6:

1. Defendant was in a psychiatric unit of TDCJ when the statement was given.

2. Defendant was on no psychiatric medications when the statement was given.

3. Defendant was properly admonished of his rights prior to the statement.

4. Defendant was not threatened in any way to induce the statement.

5. Defendant was not promised anything to induce the statement.

6. Defendant was able to calmly and rationally discuss the event.

7. Two additional statements were given and recorded at other times. Those statements were not considered in this hearing.

Based on our review of the record, we conclude that the aforementioned findings of fact are supported by the record. Furthermore, having considered the totality of the circumstances, we cannot conclude that Appellant's mere presence in a psychiatric facility is indicative, without more, that his mental impairment was so severe that he was incapable of understanding the meaning and effect of his confession. Rather, we conclude based on the totality of the circumstances that the trial court's determination that Appellant's confession was made voluntarily was not an abuse of its discretion. As such, we hold that the trial court did not err

---

[5] Appellant was transferred to Skyview after he cut his wrists following the attack on Colburn. Skyview is a psychiatric facility.

in overruling Appellant's motion to suppress. Appellant's fourth issue is overruled.

## EVIDENCE CONCERNING LOSS OF "GOOD TIME"

In his fifth issue, Appellant argues that the trial court erred in refusing to permit testimony at his trial on punishment regarding his loss of good time accumulated during his incarceration at TDCJ because the State "opened to the door" to such testimony. The State argues that Appellant did not preserve error. We agree.

To preserve a complaint for appellate review, the record must reflect that the appellant made a complaint to the trial court by a timely request, objection, or motion stating the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a). The issue is not whether the appealing party is the state or the defendant or whether the trial court's ruling is legally "correct" in every sense, but whether the complaining party on appeal brought to the trial court's attention the very complaint that party is now making on appeal. *See Martinez v. State*, 91 S.W.3d 331, 336 (Tex. Crim. App. 2002). Where an appellant's issue on appeal does not comport with his complaint made to the trial court, error, if any, is not preserved. *See Turner v. State*, 87 S.W.3d 111, 117 (Tex. Crim. App. 2002).

In the instant case, Appellant argued to the trial court that the evidence of lost "good time" was admissible either as mitigating evidence or as a "[circumstance] of the offense for which [A]ppellant] is being tried." On appeal, Appellant seeks to argue that the evidence is admissible because the State "opened the door." Since the issue Appellant now argues on appeal does not comport with his complaint to the trial court, we hold that Appellant has not preserved error. Appellant's fifth issue is overruled.

## ERRORS ON THE FACE OF THE JUDGMENT

In his sixth issue, Appellant argues that the judgment contains material errors on its face—namely, the judgment incorrectly sets forth the date of the offense and the nature of Appellant's plea to the offense charged. Appellant urges that we reform the judgment to accurately reflect the facts of the case. Our review of the record indicates that the date of the offense as alleged was August 20, 2005 and that Appellant pleaded "not guilty" to the allegations

in the indictment. As such, the trial court's judgment will be modified to accurately reflect these facts. *See* TEX. R. APP. P. 43.2(b); ***Bigley v. State***, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). Appellant's sixth issue is sustained.

## DISPOSITION

We have sustained Appellant's sixth issue. Having done so, we ***modify*** the trial court's judgment to reflect that the date of the offense as August 20, 2005 and that Appellant pleaded "not guilty" to the allegations in the indictment. Having overruled Appellant's issues one through five, we ***affirm*** the trial court's judgment as modified.

    **JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 31, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)